UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES FOR THE MICHIGAN CARPENTERS'
COUNCIL PENSION FUND, et al,

      Plaintiffs,                                    Case No. 4:04-CV-19

v                                                             Hon. Gordon J. Quist

INDY LAB SYSTEMS, INC.,

      Defendant.
_____/

**REPORT AND RECOMMENDATION**

On April 6, 2004, this court entered a Default Judgment against the defendant corporation which had failed to make certain fringe benefit contributions to plaintiff on behalf of its employees. Defendant was also required by the Judgment to make contributions that would accrue in the future. Unable to obtain the relief provided by the Judgment, plaintiffs brought a motion for an order to show cause requiring the defendant to explain why it has not complied with the terms of the Default Judgment and why the defendant, and its president, Shirley Land, should not be held in contempt. The motion was referred to the undersigned, and an evidentiary hearing was held on January 18, 2006. Neither the defendant nor Ms. Land appeared at the hearing. Based upon the evidence presented at the hearing, I respectfully recommend that the motion be granted.

Civil contempt must be established by clear and convincing evidence. *Glover v Johnson,* 138 F.3d 229, 244 (6th Cir., 1998); *Goluba v School District of Ripon,* 45 F.3d 1035, 1937 (7th Cir., 1995). Based upon the evidence and representation made at the hearing, I am satisfied that

1

the defendant and its president, Shirley Land, were well aware of the proceedings before the court, but chose to disregard these proceedings, including the obligations imposed by the court's Judgment entered April 6, 2004. That Judgment provided for the payment of $9,330.37 in fringe benefit contributions defendant had failed to make.

Where it has been established that the alleged contemnor has violated a court order, the burden shifts to the defendant to show an inability to comply. *U.S. v Rylander,* 460 U.S. 752, 757 (1983). While a mere assertion of a present inability to pay alone is insufficient to avoid a finding of civil contempt, *Chicago Truck Drivers, Helpers and Warehouse Workers Union Pension Fund, et al., v Brotherhood Labor Leasing, et al,* 207 F.3d 500, 506 (8th Cir. 2000), here defendant has not even made such assertion in defense of the motion. Indeed, it would be difficult to see how such a defense could plausibly be made in this case, since defendant has continued to be a viable, ongoing corporation. Since defendant has not claimed, much less proven, an inability to pay, there is no reason to find such an inability exists.

It is also evident from the testimony that Shirley Land is the principal, if not only, officer of Indy Lab Systems, Inc. She was clearly the person responsible for ensuring that the payments discussed above were timely made. "It is well settled that a court's contempt power extends to non-parties who have notice of the court's order and the responsibility to comply with it." *Chicago Truck, supra,* at 507, citing *Bessetta v W.B. Conkey Co.,* 194 U.S. 324, 325 (1904). *Chicago Truck,* and the several cases cited therein, provide ample authority for the proposition that where an individual is sufficiently "legally identified" with a small corporation as being in a position to carry out acts on its behalf, he may be subject to a contempt finding for their violation. *Id.* at 507; *Central States, SE & SW Areas Pension Fund v Wintz Props., Inc.,* 155 F.3d 868, 876 (7th Cir.

1998)(company's president held in civil contempt for failing to comply with court order requiring company to make ERISA payments even though officer was not a named party in the underlying litigation.) Based upon the uncontroverted record before the court, I find by clear and convincing evidence that the defendant and its president, Shirley Land, knowingly violated the court's Judgment, despite an ability to comply with that judgment.

The *Chicago Truck* case is also instructive as to the appropriate sanctions that may be imposed under these circumstances. Although holding the sole officer of the corporation in contempt for failing to comply with the payment orders, the Eighth Circuit noted that this did not mean that the officer could be held personally liable for the underlying payments themselves. The Court of Appeals pointed out that the plaintiff pension fund had not sued the corporate officer initially for the payments and the pension fund could not now attempt to obligate the officer for the underlying judgment through a contempt proceeding. *Chicago Truck, supra,* at 507-508. *Cf. Vaughn v Sexton,* 975 F.2d 498, 504 (8th Cir., 1992)(holding controlling individual of ERISA obligators personally liable for payments), *cert. denied,* 507 U.S. 915 (1993).

On remand of the *Chicago Truck* case to the district court, the trial judge specifically acknowledged this guidance from the Eighth Circuit and then addressed the issue head-on:

> The Court is mindful that the purpose of a sanction for civil contempt in this case is compensatory and remedial with respect to the Fund; its purpose is not to punish [the corporate officer]. As noted above, one of the defendant corporations had $217,894.00 in cash assets at the end of 1996. Proper compliance with this court's orders would have mandated that [the corporate officer] pay at least this amount to the Fund, pursuant to the December 4, 1996 order, and certainly pursuant to the June 1997 order. The court will order [the corporate officer] personally to pay the Fund this amount. . . .*See, Central States SE & SW Areas Pension Fund,* 155 F.3d at 872 (affirming contempt sanction against company's president in the amount the

company had paid other creditors rather than the Pension Fund since the court issued its order compelling the company to make withdrawal liability payments to the Fund), cited with approval in [the Eighth Circuit opinion at] 207 F.3d at 505 & n.5.

*Chicago Truck Drivers, Helpers and Warehouse Workers Union Pension Fund, et al, v Brotherhood Labor Leasing, et al,* 2002 U.S. Dist. Lexis 21080/E.D. No. 9-12-2002 *(Chicago Truck II).*

Here also the purpose of the civil contempt sanction is compensatory and remedial with respect to plaintiff, and the purpose is not to punish Ms. Land. Proper compliance by Ms. land with this court's April 6, 2004 Judgment would have mandated her to cause her company to pay the amount of the Judgment. It is therefore appropriate that the court order Ms. Land personally pay this combined amount, less any portion of this amount that shall be paid by defendant. *Chicago Truck II, Id.* This is appropriate since the corporate defendant can act only through its human manager, who in this case has chosen to ignore the corporation's legal obligation imposed by the court and instead hold or divert elsewhere the funds necessary to meet this obligation.

**Recommendation**

I certify the contemptuous conduct described above based on the uncontroverted evidence presently before the court. Accordingly, I respectfully recommend that the motion be GRANTED and that both defendant and its president, Shirley Land, be held in civil contempt for failure to pay the amount set forth in the Judgment, and for failure to pay the continuing obligations of the company as contemplated by the Judgment, unless the defendant shall pay to plaintiff within 21 days of the court's order the sum of $9,330.37 and Shirley Land shall personally pay to plaintiff within 21 days of the court's order the sum of $9,330.37, less any portion of that amount paid by the defendant to plaintiff within that period.

In the event it is necessary to hold defendant and Ms. Land in contempt, I further recommend that they be fined $500.00 per week until all arrearages and fines have been paid.

The Clerk of the Court is directed to serve a copy of this Report and Recommendation upon both defendant and Ms. Land.


Dated:  June 6, 2006                             /s/ Hugh W. Brenneman, Jr.
                                                 Hugh W. Brenneman, Jr.
                                                 United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).